IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
HELENA DIVISION

| | |
|---|---|
| JAMES E. BALL,<br><br>       Plaintiff,<br><br>   vs.<br><br>CORRECTIONAL OFFICER DAN JOHNSON, et al.,<br><br>       Defendants. | CV 17-00033-H-DLC-JTJ<br><br>ORDER AND FINDINGS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE |

On September 15, 2017, this Court screened Plaintiff James Ball's Complaint pursuant to 28 U.S.C. §§ 1915, 1915A and issued an Order finding that Mr. Ball's allegations that Defendant Ross encouraged another inmate to assault him and denied him equal protection of the law as set forth in Claim 2; his allegations of deliberate indifference to serious medical needs against Defendant Foster in Claim 3; and his retaliation claims as alleged in Claims 1, 2, and 5 against Defendants Johnson, Ross, and Hollen liberally construed were sufficient to state a claim. (Doc. 8.)

In addition, the Court found that Mr. Ball's deliberate indifference claim against Defendant Johnson in Claim 1; his claims of threats and verbal harassment by Defendant Ross in Claim 2; his denial of access to the courts claims in Claims

1

4 and 7; his due process claims alleged in Claim 5, and his sexual assault claim alleged in Claim 6 failed to state a claim upon which relief may be granted and were subject to dismissal.  Because it may have been possible to cure some of the defects with these claims by the allegation of additional facts, Mr. Ball was given an opportunity to file an amended complaint.  (Doc. 8.)

On October 10, 2017, Mr. Ball filed a notice indicating that he did not want to file an amended complaint and wished to proceed only on the claims which the Court found stated a claim.  Accordingly, the Court will require Defendant Ross to respond to Mr. Ball's claim that he encouraged another inmate to assault Mr. Ball and denied him equal protection of the law as set forth in Claim 2; Defendant Foster will be required to respond to Mr. Ball's deliberate indifference to serious medical needs claim as alleged in Claim 3; and Defendants Johnson, Ross, and Hollen will be required to respond to Mr. Balls' retaliation claims as alleged in Claims 1, 2, and 5.

Based upon the foregoing, and for the reasons set forth in the September 15, 2017 Order (Doc. 8), the Court issues the following:

## ORDER

1. Pursuant to Fed. R. Civ. P. 4(d), the Court will request Defendants Ross, Foster, Johnson, and Hollen to waive service of summons of the Complaint by

executing, or having counsel execute, the Waiver of Service of Summons.[1] The Waivers must be returned to the Court within thirty (30) days of the entry date of this Order as reflected on the Notice of Electronic Filing. If Defendants Ross, Foster, Johnson, and Hollen choose to return the Waiver of Service of Summons, their answer or appropriate motion will be due within 60 days of the entry date of this Order as reflected on the Notice of Electronic Filing, pursuant to Fed. R. Civ. P. 12(a)(1)(B). *See also* 42 U.S.C. § 1997e(g)(2).

    2. The Clerk of Court shall e-mail the following documents to Legal Counsel for the Montana Department of Corrections:

*      Complaint (Doc. 2);
*      Order dated September 15, 2017 (Doc. 8);
*      Mr. Ball's response to Order (Doc. 9);
*      this Order;
*      a Notice of Lawsuit & Request to Waive Service of Summons; and
*      a Waiver of Service of Summons.

Counsel for the Montana Department of Corrections will not be served with a hard copy of these documents.

    3. Any party's request that the Court grant relief, make a ruling, or take an action of any kind must be made in the form of a motion, with an appropriate

---

[1] Defendants are not required to respond Mr. Ball's claims recommended for dismissal and Defendants Cobban, Kling, Redfern, and Kremer are not required to file a responsive pleading.

3

caption designating the name of the motion, served on all parties to the litigation, pursuant to Federal Rules of Civil Procedure 7, 10, and 11.  If a party wishes to give the Court information, such information must be presented in the form of a notice.  The Court will not consider requests made or information presented in letter form.

    4.  Mr. Ball <u>shall not</u> make any motion for default until at least seventy (70) days after the date of this Order.

    5.  Pursuant to Local 26.1(d) "no party may begin discovery until a scheduling order has been issued."

    6.  At all times during the pendency of this action, Mr. Ball must immediately advise the Court and opposing counsel of any change of address and its effective date.  Failure to file a notice of change of address may result in the dismissal of the action for failure to prosecute pursuant to Fed.R.Civ.P. 41(b).

    Further, the Court issues the following:

## RECOMMENDATIONS

    1.  Mr. Ball's deliberate indifference claim against Defendant Johnson in Claim 1; his claims of threats and verbal harassment by Defendant Ross in Claim 2; his denial of access to the courts claims in Claims 4 and 7; his due process claims alleged in Claim 5, and his sexual assault claim alleged in Claim 6 fail to

state a claim upon which relief may be granted and should be DISMISSED.

2.  Defendants Cobban, Kling, Redfern, and Kremer should be DISMISSED.

### NOTICE OF RIGHT TO OBJECT TO FINDINGS & RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT

Mr. Ball may file objections to these Findings and Recommendations within fourteen (14) days after service (mailing) hereof.[2]  28 U.S.C. § 636.  Failure to timely file written objections may bar a de novo determination by the district judge and/or waive the right to appeal.

This order is not immediately appealable to the Ninth Circuit Court of Appeals.  Any notice of appeal pursuant to Fed.R.App.P. 4(a), should not be filed until entry of the District Court's final judgment.

DATED this 16th day of October, 2017.

           /s/ John Johnston
           John Johnston
           United States Magistrate

---

[2] Rule 6(d) of the Federal Rules of Civil Procedure provides that "[w]hen a party may or must act within a specified time after being served and service is made under Rule 5(b)(2)(C) (mail) . . . 3 days are added after the period would otherwise expire under Rule 6(a)."  Therefore, since Mr. Ball is being served by mail, he is entitled an additional three (3) days after the period would otherwise expire.

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
HELENA DIVISION

| | |
|---|---|
| JAMES E. BALL,<br><br>    Plaintiff,<br><br>    vs.<br><br>CORRECTIONAL OFFICER DAN JOHNSON, et al.,<br><br>    Defendants. | CV 17-00033-H-DLC-JTJ<br><br>Rule 4 Notice of a Lawsuit and Request to Waive Service of Summons |

TO:   Legal Counsel for the Montana
      Department of Corrections
      P.O. Box 201301
      Helena, MT 59620-1301

A lawsuit has been filed against individuals you may represent in this Court under the number shown above. A copy of the Complaint (Doc. 2) is attached.

This is not a summons or an official notice from the court. It is a request that, to avoid the cost of service by the U.S. Marshals Service, you waive formal service of a summons by signing and returning the enclosed waiver. To avoid these expenses, you must file the signed waiver within 30 days from the date shown below, which is the date this notice was sent.

If you file the signed waiver, the action will then proceed as if Defendants Ross, Foster, Johnson, and Hollen were served on the date the waiver is filed, but

1

no summons will be served on Defendants Ross, Foster, Johnson, and Hollen and these Defendants will have 60 days from the date this notice is sent (see the date below) to answer the Complaint (Doc. 2).

If you do not return the signed waiver within the time indicated, the Court will order the U.S. Marshals Service to serve the summons and Complaint (Doc. 2) on Defendants Ross, Foster, Johnson, and Hollen and may impose the full costs of such service.

Please read the statement below about the duty to avoid unnecessary expenses.

DATED this 16th day of October, 2017.

                    /s/ John Johnston
                    John Johnston
                    United States Magistrate

**Duty to Avoid Unnecessary Expenses of Serving a Summons**

Rule 4 of the Federal Rules of Civil Procedure requires certain defendants to cooperate in saving unnecessary expenses of serving a summons and complaint. A defendant who is located in the United States and who fails to return a signed waiver of service requested by a plaintiff located in the United States will be required to pay the expenses of service, unless the defendant shows good cause for

2

the failure.

"Good cause" does not include a belief that the lawsuit is groundless, or that it has been brought in an improper venue, or that the court has no jurisdiction over this matter or over the defendant or the defendant's property.

If the waiver is signed and returned, you can still make these and all other defenses and objections, but you cannot object to the absence of a summons or of service.

If you waive service, then you must, within the time specified on the waiver form, serve an answer or a motion under Rule 12 on the plaintiff and file a copy with the court.  By signing and returning the waiver form, you are allowed more time to respond than if a summons had been served.

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
HELENA DIVISION

| | |
|---|---|
| JAMES E. BALL,<br><br>    Plaintiff,<br><br>  vs.<br><br>CORRECTIONAL OFFICER DAN JOHNSON, et al.,<br><br>    Defendants. | CV 17-00033-H-DLC-JTJ<br><br>Rule 4 Waiver of Service of Summons |

TO:   The U.S. District Court for the District of Montana

The following Defendants acknowledge receipt of your request to waive service of summons in this case.  Defendants also received a copy of the Complaint (Doc. 2).  I am authorized by the following Defendants to agree to save the cost of service of a summons and an additional copy of the Complaint in this action by not requiring that the following individuals be served with judicial process in the case provided by Fed.R.Civ.P. 4:

_____; _____;

_____; _____;

The above-named Defendants understand that they will keep all defenses or objections to the lawsuit, the Court's jurisdiction, and the venue of the action, but

1

waive any objections to the absence of a summons or of service.

Defendants also understand that they must file and serve an answer or a motion under Rule 12 within 60 days from the date when the Request for Waiver of Service of Summons was filed and if they fail to so default judgment will be entered against them.

Date: _____

_____
(Signature of the attorney
or unrepresented party)

_____
(Printed name)

_____
(Address)

_____
(E-mail address)

_____
(Telephone number)